UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLORIA JOHNSON**                                                    **CIVIL ACTION**

**VERSUS**                                                                      **NO. 14-226-JWD-RLB**

**MACY'S DEPARTMENT STORE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 19, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GLORIA JOHNSON                                                                CIVIL ACTION

VERSUS                                                                                 NO. 14-226-JWD-RLB

MACY'S DEPARTMENT STORE, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on referral from the district judge of the plaintiff's Motion to Remand. (R. Doc. 12). The Motion is opposed by defendant, Macy's Retail Holdings, Inc., d/b/a Macy's (Macy's).[1] (R. Doc. 15). The issue is whether the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332(a) has been satisfied.

## I.  BACKGROUND

On or about July 22, 2013, the plaintiff, Gloria Johnson, filed a Petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (Petition, R. Doc. 1-2 at 1-3). The named defendants in the Petition are Macy's Department Store, Mall of Louisiana, and ABC Insurance Company. The plaintiff alleges that on or about July 21, 2012, she was "a patron at the Mall of Louisiana and upon entering the Macy's Department Store . . . she was caused to fall off of an unmarked curb in the inclimate weather." (Petition ¶ 3). Because of the accident, the plaintiff "sustained serious injuries to her person, causing her to seek medical attention and treatment." (Petition ¶ 5). Plaintiff claims that she "sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, lost wages and any and all other damages

---

[1] In its Answer, Macy's asserts that it has been improperly named in this action as Macy's Department Store. (R. Doc. 2).

that may be proven through discovery or at the trial of this matter." (Petition ¶ 8). The Petition contains no other information about the nature or extent of the alleged injuries or damages.

On April 16, 2014, Macy's filed a Notice of Removal asserting that this Court has diversity jurisdiction over the State Court action under 28 U.S.C. § 1332(a). (R. Doc. 1). To support a finding that the jurisdictional amount in controversy is satisfied, the Notice of Removal notes that the Petition does not include "a general allegation that the claim . . . is less than the requisite amount" for establishing federal jurisdiction, as required by article 893(A)(1) of the Louisiana Code of Civil Procedure. (R. Doc. 1 at 4). Macy's also references certain medical records that have been provided by the plaintiff indicating "that she has undergone a shoulder surgery along with [an] epidural steroid injection into her lumbar region," and incurred certain "medical expenses, all alleged to be related to the damages sustained." (R. Doc. 1 at 4).

## II.   ARGUMENTS OF THE PARTIES

In the Motion to Remand, the plaintiff acknowledges that there is diversity of citizenship between herself and Macy's. (R. Doc. 12 at 2).[2]  Plaintiff asserts, however, that the amount in controversy has not been satisfied because she is "expressly stipulating that the amount-in-controversy is $74,999.00 or less." (R. Doc. 12 at 1). Nothing specific is provided with respect to this stipulation beyond what is referenced in the Motion.

In opposition, Macy's argues that the plaintiff's post-removal stipulation does not deprive the Court of jurisdiction because it is not binding. (R. Doc. 15 at 8). Macy's concedes that "from reading plaintiff's somewhat vague allegations of the damages suffered" it is not facially apparent that the jurisdictional minimum is met. (R. Doc. 15 at 4). However, Macy's argues that it has presented summary judgment type evidence, including medical records as well as a pre-removal settlement demand of $85,000, which supports a finding of the jurisdictional minimum.

---

[2] The Motion to Remand is silent as to the citizenship of unserved defendant "Mall of Louisiana."

2

(R. Doc. 15 at 4-7). Macy's also provides the Court with citations to Louisiana court decisions in which plaintiffs in accidents involving similar injuries recovered general damages that would satisfy the jurisdictional minimum that further support Macy's claim for removal, particularly when combined with the provided bills of plaintiff's physical therapist, shoulder surgeon and surgical facility. (R. Doc. 15 at 7).

### III. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of

proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

A. **Diversity of Citizenship**

The citizenship of the parties has not been raised as an issue in the Motion to Remand. Indeed, plaintiff states that she "acknowledges the diversity between herself and defendants." (R. Doc. 12 at 2). Notwithstanding the apparent agreement of the plaintiff and Macy's, the Court has an independent duty to verify that it has jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. __ , 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

Based on the assertions in the record, the Court is satisfied that there is diversity of citizenship between the plaintiff and Macy's.[3] The petition, however, includes two additional defendants, ABC Insurance Company and Mall of Louisiana. The citizenship of ABC Insurance Company is disregarded. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). The citizenship of Mall of Louisiana, as well as

---

[3] The plaintiff is a citizen of Louisiana. (R. Doc. 1-3). Macy's is a citizen of New York and Ohio. (R. Doc. 1 at 5).

4

how that entity is organized, however, has not been provided.[4] The Notice of Removal acknowledges that the Mall of Louisiana has been named as a defendant, but only notes that "there is no indication in the record that service has ever been requested upon Mall of Louisiana nor any indication that the Mall of Louisiana has actually been served with any pleadings." (R. Doc. 1 at 3). If true, then Macy's is correct that this unserved defendant did not have to join in or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). The Court, however, must consider the citizenship of all defendants, both served and unserved, in determining whether diversity jurisdiction exists. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *see also Beall v. Conoco Phillips Co.*, No. 08-289, 2008 WL 2433579, at *2 (M.D. La. June 16, 2008) (same); *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 963 (S.D. Tex. 1994) (same).

The Notice of Removal does not sufficiently set forth the citizenship of all the parties. In a separate Order, Macy's will be required to file, pursuant to 28 U.S.C. § 1653, an amended Notice of Removal setting forth the citizenship of defendant Mall of Louisiana as necessary to sustain federal diversity jurisdiction. Although the Court does not recommend remand due to lack of diversity of citizenship at this time, it may do so *sua sponte* after consideration of the Amended Notice of Removal. *See Gonzalez*, 132 S. Ct. at 648.

---

[4] The Petition asserts that "Mall of Louisiana, on information and belief, is a legal corporation, organized and existing under the laws and State of Louisiana." (Petition ¶ 1(B)). If true, diversity of citizenship would not be present. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and its principal place of business); *cf. Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of an unincorporated entity is determined by the citizenship of each of its members).

B.     **Amount in Controversy**

Assuming that the parties are correct and complete diversity of citizenship exists, there remains a dispute as to whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Petition that the plaintiff's claims likely exceed $75,000. If not, the Court will consider whether Macy's has set forth any facts in controversy supporting a finding of the jurisdictional minimum. If so, the jurisdictional minimum will be satisfied, unless the plaintiff can establish the contrary to a legal certainty. *See De Aguilar*, 47 F.3d at 1412.

1.     **Whether the jurisdictional minimum is facially apparent**

As set forth above, the Petition alleges that the plaintiff fell off "an unmarked curb in the inclimate weather" resulting in "serious injuries to her person, causing her to seek medical attention and treatment." (Petition ¶¶ 3, 5). As a result of this accident, plaintiff claims that she "sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, lost wages and any and all other damages that may be proven through discovery or at the trial of this matter." (Petition ¶ 8). The Petition contains no other information about the nature or extent of the alleged injuries or damages. The Petition is likewise silent as to whether the jurisdictional threshold for diversity jurisdiction is present.

Although Louisiana Code of Civil Procedure article 893(A)(1) prohibits plaintiffs from specifying an amount of damages in a petition filed in a Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought exceed or are less than the requisite amount for the right to a jury trial or to establish federal jurisdiction.[5] There is no

---

[5] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general

statement in the Petition stating that the damages sought are less than the requisite amount to establish diversity jurisdiction. While the absence of such a statement may be considered in determining whether the amount in controversy is satisfied, it is not alone determinative. *Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("[T]he court finds that the plaintiffs' failure to follow La C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.").

In the instant case, because the Petition contains no information about the actual damages sustained by the plaintiff, the court is unable to make any reasonable estimate of any potential recovery. The inclusion of certain categorical claims of damage, without more, is of little use. Indeed, even Macy's, the removing defendant, acknowledges that it is not facially apparent from the Petition that the jurisdictional minimum has been met.

Based on the vague allegations in the Petition and the absence of any information regarding the actual damages that the plaintiff asserts are applicable, the Court concludes that it is not facially apparent that the amount in controversy has been met.

### 2. Whether Macy's submitted facts in controversy supporting a finding of the jurisdictional minimum

Although the amount in controversy is not facially apparent, summary-judgment type evidence provided by Macy's clarifies that the amount in controversy is satisfied. Macy's submitted a pre-petition settlement demand letter by the plaintiff, dated February 26, 2014, requesting $85,000.00 to settle her claims. (R. Doc. 15-2 at 1-2). The settlement letter detailed the physical injuries suffered by the plaintiff, including surgery. (R. Doc. 15-2 at 1) (Plaintiff "suffered immediate injuries to her shoulder, back, neck and foot following her fall . . . [and] the

---

allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

most serious of her injuries [led] to an arthroscopic surgery shortly after her fall at Macy's."). The settlement letter states that medical records were attached and Macy's has submitted certain medical records to the Court "outlining the procedures plaintiff has undergone and treatment modality is clearly illustrative of plaintiff's damages allegedly caused by Macy's." (R. Docs. 15 at 6, 15-3, 15-4, 15-5, 15-6, 15-7 and 15-8).

The plaintiff's pre-petition settlement demand of $85,000 for release of all of her claims "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir. 1994)). In *Fairchild*, the settlement letter alleged that the plaintiff had incurred $110,000 in damages, with itemized amounts for mental anguish ($15,000); various sprains ($15,000); aggravation of a pre-existing ruptured disc ($15,000); injury to the knee ($35,000); future medical expenses ($10,000); and loss of earnings ($20,000). *Id*. at 970. The court considered this pre-petition settlement demand letter in concluding that the defendants had met their burden of proving that the jurisdictional amount at the time ($50,000) was satisfied. *Id*. at 971-72.

All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No.

03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.*, No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

The plaintiff's settlement letter in this case provides some detail regarding the plaintiff's injuries as well as indicates that plaintiff has required arthroscopic surgery following the fall. Although the text of the letter does not itemize damage amounts attributable to certain medical diagnoses or other injuries, the supporting medical documentation provided details the plaintiff's injuries, medical diagnoses and treatment, and medical expenses. (R. Docs. 15-3 to 15-8).

Those medical records reflect that plaintiff underwent surgery on October 12, 2012 to repair a torn rotator cuff in her left shoulder. (R. Doc. 15-3 at 1-3). On May 9, 2013, plaintiff was administered a lumbar epidural steroid injection. (R. Doc. 15-4 at 1). The costs associated with this surgery and procedure, as well as physical therapy, totaled in excess of $50,000 at the time of removal. (R. Doc. 15 at 7).[6] In light of these past medical expenses already incurred, the amount in controversy is satisfied by looking to the potential recovery of general damages in Louisiana courts for arthroscopic shoulder surgery and back injuries treated with an epidural steroid injection. Damages in connection to surgeries to repair a torn rotator cuff can be significant. *See Ezernack v. Progressive Sec. Ins. Co.*, 899 So.2d 870, 871 (La. App. 3 Cir. 4/6/05) (general damages award of $65,000 for torn rotator cuff injury to shoulder that necessitated arthroscopic surgery); *Ibrahim v. Hawkins*, 845 So.2d 471, 475 (La. App. 1 Cir.

---

[6] The supporting documentation provided by Macy's reflects charges by "BRPT-Lake Rehabilitation Centers, L.L.C." (R. Doc. 15-5); "Bone and Joint Clinic of Baton Rouge" (R. Doc. 15-7); and "Orthopedic Surgery Center" (R. Doc. 15-8).

2/14/03) (trial court determination of $50,000 in damages attributable to shoulder injury requiring arthroscopic surgery); *Pierce v. Milford*, 688 So.2d 1093, 1094-95 (La. App. 3 Cir. 9/25/96) (general damages of $76,000 due to neck, back and shoulder injuries where shoulder required arthroscopic surgery).

Steroid injections for neck and back pain likewise can also support significant damage awards. *See Armentor v. Safeway Ins. Co.*, 972 So.2d 444, 450 (La. App. 3 Cir. 12/19/07) (affirming general damages award of $30,000 for neck and back injuries requiring two lumbar steroid injections and one cervical injection); *Jacobs v. City of Marksville*, 953 So.2d 139, 144-45 (La. App. 3 Cir. 3/7/07) ($35,000 in general damage award for injuries causing headaches, neck and back pain that required one steroid injection). Past medical expenses and the aforementioned general damage awards are sufficient to meet the jurisdictional threshold.

In the settlement letter, plaintiff's attorney attributes his valuation to a "review of the merits of the case, medicals, pain, suffering, and ancillary losses" and further encourages Macy's "to review the medicals related to this file." (R. Doc. 15-2 at 2). In light of the detail provided by the plaintiff in her pre-petition settlement letter and its attachments, the Court finds the $85,000 demand to be an honest assessment of a reasonable settlement value of the case or of plaintiff's damages in full. *See Creppel*, 2013 WL 3490927, at *4 (settlement letter providing plaintiff's injuries, treatment and medical expenses, with references to supporting documents, represented an "honest assessment" of the plaintiff's damages); *Bray v. Strategic Restaurants*, No. 08-767, 2010 WL 431464, at *3 (M.D. La. Feb. 4, 2010) (The jurisdictional amount was satisfied where the plaintiff, an attorney, made a "firm offer to settle this case for the amount of $125,000," even if "a neutral, objective evaluation of the case at the time of removal would have supported the conclusion that the case was not worth more than $75,000 . . . ."). Accordingly, the Court finds

that Macy's has submitted summary judgment-type evidence establishing that the plaintiff's claims more likely than not exceed $75,000, exclusive of interest and costs.

### 3. Whether plaintiff has shown to a legal certainty that the jurisdictional minimum is not met

In the Motion to Remand, the plaintiff attempts to defeat jurisdiction by "expressly stipulating that the amount-in-controversy is $74,999.00 or less." (R. Doc. 12 at 1). Although a unilateral post-removal stipulation does not deprive the Court of jurisdiction if the amount in controversy is facially apparent, it may be considered to clarify the amount in controversy if it is ambiguous from the face of the petition. *See Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn*, 693 F. Supp. 2d at 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy since defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The stipulation submitted by the plaintiff has little value, however, because it is not binding. The only way the plaintiff's stipulation would be binding "is if, within that stipulation, [she] expressly renounced [her] right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994)

11

(stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings"). Here, the plaintiff's stipulation merely provides that the amount in controversy does not exceed the jurisdictional threshold; it does not bind the plaintiff from accepting more than $75,000 in recovery. And so, the plaintiff has not established to a legal certainty that her claims do not exceed $75,000, exclusive of interests and costs.

## IV. CONCLUSION

For the foregoing reasons, Macy's has met its burden of proving the amount in controversy has been satisfied. The plaintiff has not established to a legal certainty otherwise.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion to Remand (R. Doc. 12) be **DENIED.**

Signed in Baton Rouge, Louisiana on September 19, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

12