UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA JOHNSON

VERSUS

MACY'S DEPARTMENT STORE, ET AL

CIVIL ACTION

NO. 14-226-JWD-RLB

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the Court is a motion for summary judgment filed by defendant Macy's Retail Holdings Inc. on May 13, 2015. The motion is not opposed. For the reasons outlined herein, the motion is granted, and Plaintiff's case is dismissed with prejudice.

### I.  PROCEDURAL BACKGROUND

Plaintiff Gloria Johnson filed suit in the 19th Judicial District Court in and for the Parish of East Baton Rouge alleging that she was injured at the curb outside Macy's Department Store[1] located at the Mall of Louisiana in Baton Rouge. (Doc. 1-2). On April 16, 2014, the suit was removed to this Court based on diversity of citizenship jurisdiction (Doc. 1). A motion to remand the case was denied on November 10, 2014. (Doc. 35).

On August 27, 2015, Macy's filed the present motion. (Doc. 37). The motion is not opposed.

### II.  FACTS

Plaintiff alleges that on or around July 21, 2012, she was a patron at Macy's Department Store located at the Mall of Louisiana in Baton Rouge. While attempting to traverse the curb at the north entrance of Macy's, she fell. (Petition, Doc. 1-2). Plaintiff alleges that Macy's was

---

[1] Originally sued was Macy's Department Store, Mall of Louisiana and ABC Insurance Company. The actual owner and operator of the store is Macy's Retail Holdings Inc., which answered the lawsuit. (Doc. 2). This defendant will hereinafter be referred to as "Macy's" or "Defendant". The Mall of Louisiana and ABC Insurance Co. were never served.

negligent in failing to mark the curb, and failing to provide additional ramp access to the entrance. (*Id*., p. 2) Plaintiff alleges that the curb presented an unreasonable risk of harm to those using ordinary care, including the plaintiff. (*Id*.).

In discovery, Macy's requested that plaintiff admit or deny that a photograph of the curb outside Macy's, attached to its discovery and attached as Doc. 37-11 to Macy's motion, fairly and accurately depicted the curb at issue as it was on the date of the accident. Plaintiff never responded to this request and therefore it is deemed admitted.  Fed. R. Civ. P. 36(a)(3).

On September 19, 2014, Macy's safety expert, Dewey Veale, inspected the curb and sidewalk in question and testified via affidavit that the photograph (Doc. 37-11) accurately depicted the condition of the curb at the time of his inspection. (Affidavit of Dewey Veale, attached as Doc. 37-13).[2] Mr. Veale's inspection revealed that the curb and sidewalk in question had a change in elevation to accommodate handicapped access as required by the Americans with Disabilities Act (*Id*.). His affidavit represents that the change in elevation is gradual and uniform, the curb is properly marked with bright yellow paint to warn pedestrians of the elevation change, and, in sum, the curb is safe and does not present an unreasonable risk of harm to persons exercising ordinary care while traversing the curb. (*Id*.).

### III.    SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with 'specific facts showing that

---

[2]  Mr. Veale's resume' is attached as Doc. 37-12. He appears to be a qualified safety expert, and neither his credentials nor his conclusions have been challenged.

there is a genuine issue for trial.'" See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.,* 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991).

### IV.   ANALYSIS

The Court has carefully reviewed the motion, exhibits attached, and the memorandum in support of said motion. The Court has also examined the entire record. Here, Macy's has shown that, contrary to the allegations in Plaintiff's petition, the curb near the entrance to the Macy's Department Store was properly designed, constructed and marked and, further, did not present an unreasonable risk of harm. By not responding to this motion, Plaintiff has obviously not met her burden to produce factual support to gainsay this showing and to demonstrate the existence of a material issue of fact. Under the circumstances, the Court finds that the Motion for Summary Judgment is well-founded and that Macy's is entitled to judgment as a matter of law. *Ports v. Circle K. Stores, Inc*. 395 F.Supp. 2d 442, 446 (W.D. La. 2005) (*citing Reed v. Wal-Mart Stores, Inc*., 97-C-1174 (La. 3/4/94), 708 So.2d 362, 363).

## V.     CONCLUSION

For the foregoing reasons, this Court finds that the Motion for Summary Judgment filed on behalf of defendant Macy's Retail Holdings Inc. is well-founded and is therefore granted. Plaintiff's suit against Macy's Retail Holdings Inc. is dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on November 12, 2015.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**