## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GLORIA JOHNSON**

**CIVIL ACTION**

**VERSUS**

**NO. 14-226-JWD-RLB**

**MACY'S DEPARTMENT STORE, ET AL.**

### RULING ON SHOW CAUSE ORDER

On November 12, 2015, this Court issued an Order to Show Cause (Doc. 53) requiring attorney Jonathan C Augustine ("Augustine") to show cause on December 10, 2015, why he should not be held in contempt of court for failing to appear, as ordered (Doc. 46), at a status conference of August 27, 2015. Following the December 10, 2015 hearing, this Court took the matter under advisement. After reviewing the pleadings and argument of counsel, this Court finds that Augustine was not in contempt of this Court's order but, nonetheless, he is admonished and reminded regarding his duty as an attorney enrolled on behalf of a client in this Court, as set out more completely hereinafter. Augustine's Motion to Withdraw As Counsel and Alternative Motion to Vacate Scheduled Contempt Hearing (Doc. 56) and Supplemental and Amending Motion to Vacate Scheduled Contempt Hearing (Doc. 57) are denied as moot.

### BACKGROUND

On July 22, 2013, Gloria Johnson filed suit in the 19th Judicial District Court seeking to recover damages which allegedly occurred when she fell outside the Macy's Department Store at the Mall of Louisiana in Baton Rouge Louisiana. (Doc. 1-2.) Filing suit on her behalf was attorney Dedrick A. Moore. (*Id.*, at 3.) Respondent Augustine filed a motion to enroll as additional counsel of record on March 17, 2014. (Doc. 1-3 at 32-33.)

1

Thereafter, Moore and Augustine signed various pleadings on behalf of their client, Ms. Johnson. (See, *e.g.* Doc. 1-3 at 35-38.) The case was removed to this Court on April 16, 2014. (Doc. 1.)

On May 13, 2015, defendant filed a Motion for Summary Judgment (Doc. 37) at which time both Moore and Augustine were Johnson's counsel of record. Despite this Court's order that an opposition to the Motion for Summary Judgment be filed within 21 days of May 13, 2015, no opposition was filed within that time. Indeed, no opposition to this motion was filed on behalf of Ms. Johnson at any time. On July 24, 2015, this Court issued an order setting a conference for July 31, 2015, the purpose of which was to determine whether or not Plaintiff opposed the pending motion for summary judgment or acquiesced in it. (Doc. 44.)

On July 20, 2014, Mr. Moore filed a motion to withdraw from the case "due to family illness. The medical emergency with which he is faced requires him to address matters of life and death (father has been diagnosed with terminal cancer) and has caused him to take time away from his practice." (Doc. 42.) That motion was granted on July 28, 2015, by the United States Magistrate Judge. (Doc. 45.) This left Respondent Augustine the sole attorney on behalf of Ms. Johnson.

On July 29, 2015, the day following Mr. Moore's withdrawal, this Court issued an order which read, in pertinent part: "The court notes that lead counsel for plaintiff has been granted permission to withdraw. (See Order #45.) It is ordered that the clerk of court shall mail a copy of this order to Gloria Johnson at 3468 Ontario St., Baton Rouge, LA 70805. It is further ordered that the status conference currently set for Friday, July 31, 2015 is canceled and reassigned to 10 a.m. Thursday, August 27, 2015 in chambers. It is further ordered that ***current counsel of record,***

*Jonathan C Augustine, shall be present for this conference and counsel is directed to also have his client present for this conference."* (Doc. 46, emphasis added.)

Despite the order, Mr. Augustine did not appear at the August 27, 2015 conference. The minute entry from that conference reads, in pertinent part, as follows:

"The court set this conference to address the fact that there had not been a response filed by the Plaintiff to the Motion for Summary Judgment filed by the Defendant. (Doc. 37).

The son of the Plaintiff, Carlton Miller, appeared at the conference with his mother and advised the Court that he is a practicing attorney, but is not admitted to practice in the Middle District of Louisiana. Mr. Miller advised the court that once he becomes admitted to practice in the Middle District of Louisiana, he will be enrolling as counsel of record for Plaintiff.

Plaintiff advised the court that she was unaware that her current counsel, Dedrick Avrell Moore, had withdrawn as counsel of record in this matter until she received a call this morning from Jonathan C Augustine. **Mr. Augustine is listed as counsel of record for Plaintiff and was ordered to appear for this conference, but violated the Court's order and failed to appear for this conference as ordered. (See order number 46.) The Court will determine at a later date what should be done to Mr. Augustine for violation of the Court's order.**

Since Mr. Miller will be applying to be admitted to the Middle District soon, the Court will extend the deadline for plaintiff to respond to Defendant's

Motion for Summary Judgment and will allow the Plaintiff 60 days after Mr.
Miller is enrolled in this matter to file a response to the Defendant's [Motion] for
Summary Judgment. (Doc. 37)" (Doc. 51, emphasis added.)

On September 29, 2015, the Court received a copy of a letter from Ms. Johnson's son
addressed to Respondent Jonathan C Augustine which reads, in pertinent part:

"I am writing about Ms. Gloria Johnson relative to her pending trip and
fall case. Please be advised that Ms. Johnson has consulted my office about the
possibility of enrolling in the matter. After investigating this matter and reviewing
the record, it has come to my attention that there is a pending Motion for
Summary Judgment against Ms. Johnson. My office has determined ***not*** to enroll
in this matter due to the grievous disposition of Ms. Johnson's case. Out of
professional courtesy, I want to notify you of my decision because you are listed
as the current lead attorney on this matter.

I would like to advise you to resolve this matter with Ms. Johnson in the
most expeditious and amicable manner possible. Please take all necessary steps to
preserve Ms. Johnson's rights in this case. Thank you for your attention to this
very important matter."

On November 12, 2015, having received no opposition to the Defendant's Motion for
Summary Judgment for over 5 months, and determining, based on the filings before it that the
motion was meritorious, the Court granted said motion. (Docs. 54, 55.) On the same day, the
Court issued the following order directed to Mr. Augustine:

"Jonathan C Augustine ("Augustine") is attorney of record for Plaintiff

4

Gloria Johnson (Doc. 1, page 36) Augustine has never withdrawn as attorney of
record and following the order allowing Dedrick Moore to withdraw (Doc. 45),
Augustine became the sole attorney for Johnson. Augustine failed to appear at a
status conference on July 31, 2015, despite being given notice to do so. (Doc 44).
By order of this Court on July 29, 2015, Augustine was directly ordered to appear
before the court in a status conference on August 27, 2015 (Doc. 46) but failed to
appear. Jonathan C Augustine is ordered to show cause in Courtroom 1 of the
United States District Court, Middle District of Louisiana, on Thursday,
December 10, 2015, at 8:45 a.m. why he should not be held in contempt of court."
(Doc. 53.)

On December 1, 2015, Mr. Augustine filed a Motion to Withdraw As Counsel and
Alternative Motion to Vacate Scheduled Contempt Hearing. (Doc. 56.) On the same day, he filed
a Supplemental and Amending Motion to Vacate Scheduled Contempt Hearing (Doc. 57.) On
December 10, 2015, Mr. Augustine, along with Dedrick A. Moore, appeared in response to the
Court's order.

## ARGUMENTS OF AUGUSTINE

In his oral argument and in his briefing, Augustine takes the position that he was enrolled
as attorney for Gloria Johnson "for the sole and limited purpose of writing memoranda, ***on an as
needed and as able basis***, under a private and personal contractual agreement between Mr.
Moore and Mr. Augustine.... AT NO TIME HAS MR. AUGUSTINE EVER HAD ATTORNEY-
CLIENT COMMUNICATION WITH MS. JOHNSON." (Doc. 56 at 2, emphasis in original.) He
goes on, in similar vein: "Ms. Johnson *is not* someone Mr. Augustine ever agreed to represent or

5

someone with whom Mr. Augustine ever formed an attorney-client relationship. As emphasized,

Mr. Augustine's only association with this case resulted from his agreement to write memoranda

for Mr. Moore, on an as needed and as able basis." (Doc. 56 at 3-4, emphasis in original.)

As to the order to appear for the August 27, 2015 conference, Augustine writes that,

following a conversation with Ms. Johnson in which he indicated to her that he was not her

attorney and would not be representing her,

> "Mr. Augustine received a call from Your Honor's law clerk, informing
> him of the scheduled status conference in the case. ***Mr. Augustine shared with***
> ***the law clerk the summary of his brief exchange with Ms. Johnson,***
> ***emphasizing the fact that he was not her lawyer, had never met her, and had***
> ***did (sic) not have any attorney-client relationship with her***. After Mr. Augustine
> held the phone, understanding that the law clerk was conferring with Your Honor,
> Mr. Augustine was advised that he was excused from the status conference and
> would need, at some point, to file a Motion to Withdraw. There was no specific
> time shared. Mr. Augustine understood this mean (*sic*) that Your Honor
> understood he would have no further activity in the case and would need to
> eventually file a Motion to Withdraw to administratively clear the record." (Doc.
> 56 at 3, emphasis in original.)

Augustine argues that he is "in full-time pastoral service in New Orleans, while also

teaching as an adjunct professor, with a VERY VERY LIMITED private law practice." Doc. 56,

at 3, emphasis in original.) He claims he never received the letter from Mr. Miller and that it was

addressed to a Baton Rouge office he had previously vacated.

At oral argument, he apologized to the court for having taken so long to file his Motion to Withdraw. In an affidavit accompanying his briefing, his apology was phrased somewhat differently: **"My deepest and most sincere apologies to the Court if I did not file said motion in a time that was contemplated by the court."** (Doc. 56 at 5, emphasis in original.)

At oral argument, Mr. Augustine conceded that he was aware that Mr. Moore had withdrawn and, following that withdrawal, he was the sole attorney for Ms. Johnson. Mr. Moore, who also spoke at the hearing, confirmed the same.

## DISCUSSION

There are a number of aspects of Mr. Augustine's position in defense of this Show Cause Order which is most troubling to this Court. First, although it is clear that Mr. Augustine was aware that he was the sole attorney for Ms. Johnson from the time of Mr. Moore's withdrawal in late July 2015, he took no steps to protect her interests including filing an opposition to the pending Motion for Summary Judgment or assisting her in getting other counsel. He never explained to Ms. Johnson the precarious position of her case and, indeed, to use Mr. Augustine's own words: AT NO TIME HAS MR. AUGUSTINE EVER HAD ATTORNEY-CLIENT COMMUNICATION WITH MS. JOHNSON." (Doc. 56 at 2, emphasis in original.)

Second, Mr. Augustine seems to assume that because he had an arrangement with Mr. Moore to provide representation "for the sole and limited purpose of writing memoranda, ___*on an as needed and as able basis*___, under a private and personal contractual agreement between Mr. Moore and Mr. Augustine," (emphasis in original), he had absolutely no duty directly to the client either before or after Mr. Moore withdrew.

7

Third, Mr. Augustine represents that he spoke to this Court's law clerk before the status conference at which he was ordered to appear and that, based on representations made by the law clerk, he believed that this Court "understood [Augustine] would have no further activity in the case and would need to eventually file a Motion to Withdraw to administratively clear the record." (Doc. 56 at 3.) To put it charitably, Mr. Augustine is mistaken. This Court did not give permission to Mr. Augustine to disregard its previous order and not appear at the status conference as ordered and the Court's law clerk did not communicate such a message to Mr. Augustine. This is clear from the minute entry of the August 27, 2015 status conference which was dictated shortly after the conference ended. **"Mr. Augustine is listed as counsel of record for Plaintiff and was ordered to appear for this conference, but violated the Court's order and failed to appear for this conference ordered. (See order number 46) The Court will determine at a later date what should be done to Mr. Augustine for violation of the Court's order.**" (Doc. 51, emphasis added.) It is also clear from the Court's subsequent show cause order (Doc. 53), which this Court clearly would not have issued had the Court given Augustine permission not to attend the conference. Nonetheless, Mr. Augustine seems to believe that his only transgression was not filing a Motion to Withdraw "in a time that was contemplated by the Court." (Doc. 56, at 5.)

The Court finds that Mr. Augustine's apparent beliefs and assumptions regarding an attorney's duty to his client are in grave error. When an attorney undertakes to represent a client, the attorney owes a duty directly to his client. Louisiana's Rules of Professional Conduct require that "[a] lawyer shall act with reasonable diligence and promptness in representing a client," La.

Rules of Prof'l Conduct 1.3 (2015).[1] This duty to the client is not diminished regardless of what arrangements might exist between multiple attorneys sharing responsibilities in that representation.[2] Furthermore, when Mr. Moore withdrew in his representation of the client, and Mr. Augustine became Ms. Johnson's *sole* attorney, any idea of such limited duties as Mr. Augustine suggests he had, especially with a Motion for Summary Judgment pending against his client, (and which was still not opposed) could not seriously be entertained.

In the only communication Mr. Augustine admits having with Ms. Johnson (one, by his account, she initiated), he claims to have told her "he could not agree to represent Ms. Johnson, could not create an attorney-client relationship, and that she should find an attorney to represent her if she wished to pursue any litigation." (Doc. 56 at 3.) Contrary to the assumption of Mr. Augustine in this conversation, Mr. Augustine *was* her attorney at this time (and, indeed, her *only* attorney of record) and, until he was allowed to withdraw as her attorney, had an obligation to pursue her case with due diligence and, at the very least, protect her interests until he was allowed to withdraw. This, Mr. Augustine clearly did not do.

## RULING

The specific issue before this Court is whether Mr. Augustine should be held in contempt of court based on his failure to appear at the August 27, 2015 conference. Given his

---

[1] The Middle District's Local Rules provide, in pertinent part, (1) "[t]his court...adopts the Rules of Professional Conduct of the Louisiana State Bar Association, as...may be amended by the Louisiana Supreme Court," M.D. LR 83(b)(6); 2) "every attorney permitted to practice in this court shall be familiar with these rules," M.D. LR 83(b)(10); and 3) [w]illful failure to comply with any of them...shall be cause for such disciplinary action as the court may see fit, after notice and hearing," M.D. LR 83(b)(10).

[2] When Augustine filed a motion to enroll as counsel (Doc. 1-3 at 32-33), he did not in any way represent that his role would be limited.

misunderstanding of communications with court personnel regarding the need for his appearance at this conference, and setting aside the tenuous, at best, explanation given by Mr. Augustine as to his understanding of those communications, this Court does not find Mr. Augustine in contempt. However, the Court admonishes Mr. Augustine in the strongest possible terms that, should he, in connection with his "very very limited private law practice", undertake the representation of a client in litigation, he should fully understand and abide by his duties directly to that client.

Because the case has now been dismissed, Augustine's Motion to Withdraw As Counsel and Alternative Motion to Vacate Scheduled Contempt Hearing (Doc. 56), is denied as moot. Because this Court has had the hearing and ruled, Augustine's Supplemental and Amending Motion to Vacate Scheduled Contempt Hearing (Doc. 57), is denied as moot.

Signed in Baton Rouge, Louisiana, on January 4, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

10